**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

CALVIN LORINZO PERRY,

    Petitioner,

v.                                                                    Civil No. 3:25cv611

CHADWICK DOTSON,

    Respondent.

**<u>MEMORANDUM OPINION</u>**

Calvin Lorinzo Perry, a Virginia state prisoner proceeding *pro se*, brings this petition

pursuant to 28 U.S.C. § 2254, challenging the Virginia Parole Board's ("VPB" or "Board")

decision to revoke his grant of mandatory parole and the procedures by which they have since

denied him discretionary parole. (ECF No. 1, the "§ 2254 Petition.")[1] Respondent Chadwick

Dotson moves to dismiss on the grounds that Perry's claims are procedurally defaulted,

untimely, and/or without merit. (ECF No. 6, the "Motion to Dismiss.")  Perry has filed both a

Response (ECF No. 10) and a Supplemental Response (ECF No. 11) in opposition to the Motion

to Dismiss.  As explained below, the Motion to Dismiss will be GRANTED, and the § 2254

Petition will be DENIED.

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.  The Court corrects the spacing, capitalization, punctuation, and spelling in, and removes emphasis from, quotations from the parties' submissions.

## I. Factual and Procedural History

### A.    Relevant Criminal Convictions and Sentences

On November 8, 1977, the Circuit Court for the County of Sussex sentenced Perry to

(1) a forty-year term of imprisonment for first degree murder and (2) a one-year term of

imprisonment for use of a firearm in the commission of a felony. (ECF No. 7-1, at 1–2; *see* ECF

No. 7-1 at 6–7, 8–9.)[2] On April 29, 1980, the Circuit Court for the County of Southampton

sentenced Perry to a three-year term of imprisonment for escape. (ECF No. 7-1, at 2; *see* ECF

No. 7-1, at 10–11.)

On January 31, 1991, Perry was released from incarceration on discretionary parole.

(ECF No. 7-1, at 2.)  At the time of his release, Perry had twenty-two years, ten months, and

eighteen days left to serve on his sentences.  (ECF No. 7-1, at 2.)

On October 8, 1993, Perry pled guilty to grand larceny and was sentenced to ten years of

incarceration, with five years of that time suspended.  (ECF No. 7-1, at 2; *see* ECF No. 7-1, at

12–14.) On December 17, 1993, citing his recent conviction, the VPB revoked Perry's

discretionary parole, and Perry returned to prison.  (ECF No. 7-1, at 2; *see* ECF No. 7-1, at 15.)

On October 26, 2000, the Albemarle County General District Court sentenced Perry for a

conviction of simple assault to a twelve-month prison sentence, with eight months of that

---

[2] In this section, the Court refers to information contained in the affidavits of Donna M. Shiflett, Manager of the Court and Legal Services Unit for the Virginia Department of Corrections (*see* ECF No. 7-1), and Patricia West, Chair of the VPB (*see* ECF No. 7-2). Ordinarily, district courts may not consider matters outside of the pleadings in considering a motion to dismiss filed under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d).  Here, the Court includes information from affidavits for background purposes only and does not rely on that information in its determination that the § 2254 Petition must be denied.  Accordingly, the Court need not convert the Motion to Dismiss to one for summary judgment. *See Occupy Columbia v. Haley*, 738 F.3d 107, 117 (4th Cir. 2013) (finding that, where district court had "mentioned materials beyond the Third Amended Complaint and attached exhibits" but did so "for illustrative and background purposes only," it was not required to convert Rule 12(b)(6) or Rule 12(c) motion to one for summary judgment).

sentence suspended. (ECF No. 7-1, at 2; *see* ECF No. 7-1, at 16–17.) On March 22, 2001, the Circuit Court for the City of Charlottesville sentenced Perry for a conviction of rape to a life sentence, with all but twenty-five years suspended. (ECF No. 7-1, at 3; *see* ECF No. 7-1, at 18–19.) On May 1, 2007, the Circuit Court for the County of Chesterfield sentenced Perry for a conviction of possession of an imitation weapon of terror with intent to intimidate to a five-year sentence, with three years suspended. (ECF No. 7-1, at 3; *see* ECF No. 7-1, at 20–21.)

**B.     Release on Mandatory Parole and Subsequent Revocation of Parole**

On May 5, 2023, Perry was released on mandatory parole. (ECF No. 7-1, at 3.) At that time, he had seven months and twenty-eight days left to serve as to sentences eligible under the mandatory parole statute. (ECF No. 7-1, at 3.) In the calculation of his release date, Perry received the benefit of the fourteen years and eight days of good time credits he had accrued while incarcerated. (ECF No. 7-1, at 3.)

On August 4, 2023, Perry was taken into custody after he allegedly refused to abide by the requirements of a polygraph examination and attempted to tamper with, or provide a false sample for, a urine screen for drugs and alcohol. (ECF No. 7-2, at 11; *see* ECF No. 7-1, at 31.) On August 16, 2023, officials held a "Preliminary Hearing" at the conclusion of which Hearing Officer Ronald Cavanaugh determined there was probable cause to believe Perry had violated the terms of his parole through his August 4 conduct. (ECF No. 7-1, at 2; *see* ECF No. 7-2, at 13–15.)

On August 25, 2023, the VPB sent Perry a "Statement of Alleged Parole / Post-Release Violations," informing him that he was being held to appear before the Board based on the asserted violations of his parole conditions. (ECF No. 7-2, at 3; *see* ECF No. 7-2, at 17.) On September 8, 2023, Perry was presented, but refused to sign, a "Notice of Parole / Post Violation

3

Hearing" form, which stated that he was scheduled to appear before the Board on September 25, 2023. (ECF No. 7-2, at 2; *see* ECF No. 7-2, at 16.) On October 2, 2023, the VPB sent Perry a letter stating that the Hearing Officer had found him guilty of violating the terms of his parole based on evidence presented at the final violation hearing. (ECF No. 7-2, at 3; *see* ECF No. 7-2, at 18.)

When an inmate's parole is revoked, the VPB has the authority to require the inmate to serve the full portion of the term imposed by the sentencing court—that is, the amount of the sentence that remained on the date the inmate was released on parole—"without regard to good conduct credit." (ECF No. 7-1, at 4 (citing Va. Code §§ 53.1-159 and 53.1-165(A).)

## C.    Consideration for Discretionary Parole after Parole Revocation

Following the revocation of Perry's mandatory parole, the VPB began to consider Perry for discretionary parole. Perry's first parole review interview occurred on September 26, 2024, and Perry was notified in writing on February 24, 2025, that the Board had decided not to grant him parole. (ECF No. 7-2, at 3; *see* ECF No. 7-2, at 19–20.) Perry's second parole interview occurred on July 17, 2025, and he was notified in writing of the Board's decision not to grant him parole on August 11, 2025. (ECF No. 7-2, at 3; *see* ECF No. 7-2, at 21–22.)

## D.    State and Federal Habeas Proceedings

### 1.    Commencement and Running of the Statute of Limitations

Perry concedes that he "learned of the unlawful application of Virginia Code § 53.1-159 'after' [the] revocation" of his parole and good conduct time in "Oct. 2023" and that "[t]he one-year limitation period runs from the date on which the factual predicate of the claim could have been discovered." (ECF No. 10, at 3 (internal quotation marks omitted).) Respondent agrees that this is the date on which the limitations period for Perry's claim accrued. (*See* ECF No. 7, at 9.)

4

Thus, no dispute exists that the one-year limitation period for Perry to seek federal habeas relief for the revocation of his parole began to run on October 2, 2023.

### 2.    State Habeas Petition

On March 3, 2025, Perry filed a petition for writ of habeas corpus in the Supreme Court of Virginia (*see* ECF No. 7-3, at 3–14), identifying three grounds for relief:

Claim One     Ex post facto violation. In violation of U.S. Const., Art. I, § 10 cl. 1,[3] the Virginia Parole Board [the Board] pursuant to the retroactive application of Va. Code § 53.1-159, reincarcerated the petitioner on a technical parole violation and lengthened his incarceration and punishment by eight (8) years. The Board applied Va. Code § 53.1-159 retrospectively and it's more onerous than the law in effect on the date of petitioner's crimes. (ECF No. 7-3, at 6.)

Claim Two     False Imprisonment. In violation of the Due Process Clause of the 5th,[4] 8th,[5] and 14th Amendments[6] of the United States Constitution, the Virginia Parole Board [the Board] reincarcerated the petitioner on a technical parole violation only and lengthened his release date eight years via revoking the eight years of good time credits that he had earned through work and good behavior. (ECF No. 7-3, at 9.)

Claim Three   In violation of due process of law, the Virginia Parole Board's practices with respect to petitioner's parole hearing that was conducted on September 26, 2024, was not in compliance with the due process requirements codified in state and federal law. Petitioner has a protected liberty interest in parole. (ECF No. 7-3, at 11.)

On June 30, 2025, the Supreme Court of Virginia dismissed Perry's petition, finding that

(1) Perry's claims regarding the revocation of his parole had not been raised within one year as

------

[3] "No state shall . . . pass any Bill of Attainder [or] ex post facto Law." U.S. Const. art. I, § 10, cl. 1.

[4] "No personal shall . . . be deprived of life, liberty, or property, without due process of law." U.S Const. amend. V.

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XVI, § 1.

required under Virginia law (*see* ECF No. 7-3, at 24 (citing Va. Code § 8.01-654(A)(2); *Booker v. Director*, 284 Va. 6, 6 (2012)); and (2) Perry's claim regarding the denial of discretionary parole was not cognizable in a petition for writ of habeas corpus (*see* ECF No. 7-3, at 24 (citing *Carroll v. Johnson*, 278 Va. 683, 694 (2009)).

### 3.    Federal Habeas Petition

On July 14, 2025, Perry filed the instant § 2254 Petition, raising the following claims:

Claim One    False Imprisonment.  In violation of the Due Process Clause of the 5th, 8th, and 14th Amendments of the United States Constitution, the Virginia Parole Board [the Board] reincarcerated the Petitioner on a technical parole violation only and lengthened his release date by eight years by revoking the eight years of good time credits Petitioner had earned through work and good behavior.  (ECF No. 1, at 6.)

Claim Two    In violation of due process of law, the Virginia Parole Board's [the Board] practices with respect to Petitioner's parole hearing that was conducted on September 26, 2024, was not in compliance with the due process requirements codified in state and federal law.  Petitioner has a protected liberty interest in parole.  (ECF No. 1, at 10.)

### II.  Analysis

### A.    Claim One

In Claim One, Perry asserts that the VPB violated his right to due process by revoking his parole and previously earned good time credits, acts that resulted in his renewed, and continuing, incarceration.  (ECF No. 1, at 6.)  Respondent asserts that this claim is procedurally defaulted, barred by the relevant statute of limitations, and without merit.  The Court agrees that Claim One is time barred and procedurally defaulted and therefore does not reach Claim One's merits.

### 1.    Procedural Default

One "limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).  This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural

rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)).  Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim.  *Coleman*, 501 U.S. at 750.

Here, the Supreme Court of Virginia found that Claim One was time barred pursuant to Virginia Code Section 8.01-654(A)(2).  This statute provides, in pertinent part that, "[a] petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues."  Va. Code § 8.01-654(A)(2).  Virginia's statute of limitations for habeas actions is an adequate and independent procedural rule when so applied.  *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006).

Despite filing two oppositions to Respondent's Motion to Dismiss, Perry makes no showing of cause for his default, any prejudice resulting from it, or that a fundamental miscarriage of justice has occurred.[7]  Accordingly, Claim One is procedurally defaulted and barred from review here.

---

[7] Contesting the applicability of the procedural default, Perry asserts that "equitable tolling applies because [he] is challenging an ongoing constitutional violation." (ECF No. 10, at 3.)  Although equitable tolling may serve to render a petitioner's otherwise time-barred federal habeas petition timely, it has no application to the procedural default analysis, which relates to a state's application of its own rules.  As the Supreme Court has explained:

> We recognize that, in the context of procedural default, we have previously stated, without qualification, that a petitioner "must 'bear the risk of attorney error.'" *Coleman v. Thompson*, 501 U.S. 722, 752–753, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991).  But *Coleman* was "a case about federalism," *id.*, at 726, 111 S. Ct. 2546, in that it asked whether *federal* courts may excuse a petitioner's failure to comply with a *state court's* procedural rules, notwithstanding the state court's

### 2.    Federal Statute of Limitations

#### a.    28 U.S.C. § 2244(d)

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1.    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

determination that its own rules had been violated. Equitable tolling, by contrast, asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law.

*Holland v. Florida*, 560 U.S. 631, 650 (2010) (citation omitted). The Court therefore does not address Perry's equitable tolling arguments here, but will do so below in the section addressing the federal statute of limitations.

> 2.    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because the limitation period for Claim One began to run on October 2, 2023 and Perry did not file his § 2254 Petition until July 14, 2025, (*see* ECF No. 1, at 20),[8] Claim One is barred by the statute of limitations unless Perry demonstrates entitlement to statutory or equitable tolling.[9] For the reasons articulated below, he is not entitled to such relief.

### b.    No Entitlement to Statutory Tolling

Although Respondent states that Perry is entitled to statutory tolling for the time during which his state habeas petition was pending (*see* ECF No. 7, at 10), the Court cannot agree. A person in state custody may toll the running of the limitation period during the time in which a *properly filed* application for state post-conviction or collateral relief remains pending in state court. 28 U.S.C. § 2244(d)(2). Here, Perry filed his petition for writ of habeas corpus in the Supreme Court of Virginia on March 3, 2025, more than one year after Claim One accrued, and the Supreme Court of Virginia accordingly found that the claim was untimely under Virginia Code § 8.01-654(A)(2). (*See* ECF No. 7-3, at 24.) Claim One was thus not "properly filed" in the state court system, and the time Perry spent waiting for the state court to decide it is thus not excludable in the federal statute of limitations analysis. *See Williams v. Director, VDOC,*

---

[8] This is the date that Perry indicates that he executed, and the date he presumably placed, his § 2254 Motion in the prison mailing system. (ECF No. 1, at 20.) The Court deems the § 2254 Motion filed as of that date. *See Houston v. Lack,* 487 U.S. 266, 276 (1988).

[9] Petitioners may also seek belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1), but as just discussed, the parties agree that the limitation period began to run on October 2, 2023, consistent with 28 U.S.C. § 2244(d)(1)(D). Accordingly, the Court need not conduct any further analysis as to belated commencement.

No. 3:11cv392, 2011 WL 5526371, at *2 (E.D. Va. Nov. 14, 2021) ("A petition that is denied by a state court as untimely is not 'properly filed' within the meaning of the AEDPA." (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005))). In any event, as Respondent observes, Claim One would be untimely even if the Court were to find that Perry was entitled to statutory tolling. (*See* ECF No. 7, at 9–10.)

###### c.    No Entitlement to Equitable Tolling

Perry identifies two possible bases for a finding of equitable tolling. First, he offers a strained and legalistic argument that the decision to revoke his good time credits is legally "void" (ECF No. 10, at 3) and that "there is no statute of limitations to bar a challenge to a void order" (ECF No. 11, at 1). Second, he suggests that he is entitled to equitable tolling "because [he] is challenging an ongoing constitutional violation." (ECF No. 10, at 3.)

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland*, 560 U.S. at 645 (citations omitted). But "a 'petitioner' is 'entitled to equitable tolling' only if he [or she] shows '(1) that he [or she] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [the] way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 408). An inmate asserting equitable tolling "bears a strong burden to show specific facts" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege with specificity the steps he [or she] took to diligently pursue his [or her] federal claims." *Id.* at 929–30.

As to the first element, it is clear that Perry did not pursue his rights diligently as to Claim One. Although he admittedly did not wait long to file his § 2254 Petition after being denied relief in the Supreme Court of Virginia, Perry waited well over a year to file for relief as

10

to Claim One in state court and offers no explanation for his delay. *See Turner v. Ozmint*, No. 1:10-cv-2433-TMC, 2012 WL 130195, at *3 (D.S.C. Jan. 17, 2022) (finding petitioner not entitled to equitable tolling where he "offer[ed] no reason why he waited 203 days after the expiration of the time to appeal his conviction before filing his initial [state habeas petition]").

Even if this were not so, Perry's two proffered bases for equitable tolling do not satisfy the second element of the equitable tolling test. Indeed, the first of his arguments—that "there is no statute of limitations to bar a challenge to a void order" (ECF No. 11, at 1)—does not describe an "extraordinary circumstance" that stood in his way of timely filing. Rather, it is no more than an incorrect justification for his belief that he should be permitted to sidestep the statute of limitations. This is not an appropriate basis for a finding of equitable tolling. *See, e.g., Randall v. Director, TDCJ-CID*, No. 2:07cv204, 2008 WL 2128231, at *2 (E.D. Tex. May 16, 2008) (opining that the petitioner was "simply attempting to evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void" and concluding that "the intent of Congress in enacting the limitations period cannot be so easily evaded" (citing *Nortonsen v. Reid*, 133 F. App'x 509, 510–11 (10th Cir. May 27, 2005); *Lomazoff v. Walters*, 63 F. Supp. 2d 663, 666 (E.D. Pa. 1999))).

Perry's second basis for equitable tolling—that he is enduring an "ongoing constitutional violation" (ECF No. 10, at 3)—is equally improper. Even to the extent Perry has suffered a constitutional violation with respect to the revocation of his parole—a finding this Court does not make—that would not explain his failure to pursue relief in a timely manner. *See Bevers v. Dretke*, 82 F. App'x 140, 141 (5th Cir. Dec. 5, 2003) (affirming district court and finding argument that petitioner was "experiencing a 'continuous and ongoing' violation" did not "excuse the untimely presentation of his claim").

Because Perry is not entitled to statutory or equitable tolling and filed the § 2254 Petition more than one year after Claim One accrued, that claim is untimely and barred from review by the relevant statute of limitations. As stated above, Claim One is also procedurally defaulted. For these reasons, Claim One will be DISMISSED.

**B.    Claim Two**

In Claim Two, Petitioner asserts that the VPB failed to afford him the procedural due process rights required under *Morrissey v. Brewer*, 408 U.S. 471 (1972), and Virginia Code § 53.1-136. (ECF No. 1, at 10.) He specifically takes issue with the Board's decision not to hold or permit him to attend a public hearing at which to consider whether he would be granted discretionary parole, claiming that the relevant statute "mandate[s] a virtual or in-person hearing before the board 'when conducting the final deliberation and vote regarding whether the Board will grant parole to a prisoner.'" (ECF No. 1, at 11; *see* ECF No. 10, at 7.) Respondent does not assert that this Claim, like Claim One, is procedurally defaulted or untimely but does argue that it lacks merit. (*See* ECF No. 7, at 11–13.) The Court agrees.

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A court reviewing a due process claim thus asks "whether there exists a liberty or property interest of which a person has been deprived, and if so[,] whether the procedures followed by the State were constitutionally sufficient." *Torrence v. Lewis*, 60 F.4th 209, 214 (4th Cir. 2023) (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). "When a State creates such a liberty interest, 'the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures.'" *Id.* (quoting *Swarthout*, 562 U.S. at 220).

Inmates such as Perry have no recognized interest in being released on parole. *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012). "Virginia law" does, however, "give[] rise to a limited interest in *consideration* for parole." *Id.* (emphasis added). But "the Constitution requires only a very limited amount of process in considering an inmate for parole." *Stone v. Chapman*, No. 3:22cv663, 2023 WL3632724, at *3 (E.D. Va. May 24, 2023). "[A]t most, . . . parole authorities must 'furnish to the prisoner a statement of its reasons for denial of parole.'" *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996) (quoting *Franklin v. Shields*, 569 F.2d 784, 801 (4th Cir. 1978)). The Fourth Circuit has "declined to hold that, as a constitutional matter, each prisoner must 'receive a personal hearing, have access to his files, or be entitled to call witnesses in his behalf to appear before the Board.'" *Burnette*, 687 F.3d at 182 (quoting *Franklin*, 569 F.2d at 800).

Here, Perry was considered for discretionary parole and received a statement of the reasons it was denied. (*See* ECF No. 7-2, at 19–22.) This was all of the process he was owed under the United States Constitution. *See Vann*, 73 F.3d at 522. That the Commonwealth of Virginia enacted a law permitting inmates to attend parole consideration hearings does not mean that an inmate denied the opportunity to do so has suffered a federal due process violation. *See Brandon v. District of Columbia Bd. of Parole*, 823 F.2d 644 (D.C. Cir. 1987) ("Courts have explicitly and repeatedly rejected the proposition that an individual has an interest in a state-created procedural device, such as a hearing, that is entitled to constitutional due process protection." (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983)); *Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("Alleged violations of due process in the deprivation of a protectable interest are to be measured against a federal standard of what process is due and that standard is not defined by state-created procedures, even when those state-created

13

procedures exceed the amount of process otherwise guaranteed by the Constitution.")). Perry, in other words, may not "federalize—indeed, constitutionalize—[this mere] deviation from state procedures." *Brandon*, 823 F.2d at 649 (internal quotation marks omitted).

Because Perry has not shown any violation of his rights under the Fourteenth Amendment's Due Process Clause, Claim Two lacks merit and will be DISMISSED.

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss (ECF No. 6) will be GRANTED. Perry's Claims will be DISMISSED, and the § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Date: 4/20/26
Richmond, Virginia

_____ /s/
M. Hannah Lauck
Chief United States District Judge